Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> KSUBI SALES INTERNATIONAL PTY LTD., <br><br> *Defendant*. | Case No.: 2:21-cv-1598 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against defendant Ksubi Sales International Pty Ltd., alleges as follows:

1. This is an action for copyright infringement brought by BackGrid, the holder of the copyrights to the photographs described below, against defendant for uses of BackGrid's photographs without authorization or permission.

## JURISDICTION

2. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

///

3. On information and belief, defendant and/or its agents committed the infringement described below using individuals and/or instrumentalities located within the United States.

## PARTIES

### *Plaintiff*

4. Plaintiff BackGrid USA, Inc. is an entity organized and existing under the laws of the state of California with its principal place of business in Redondo Beach, California. BackGrid is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top photographers.

5. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

6. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

### *Defendant*

7. On information and belief, Ksubi is an entity organized and existing under the laws of the nation of Australia with its principal place of business in the state of New South Wales, Australia.

8. Ksubi is an Australian fashion label and apparel brand renowned for its signature denim and what it calls a "deliberate unfussy style."

9. Ksubi retails clothing on its website https://www.ksubi.com, but also operates a limited number of brick-and-mortar stores. Particularly, Ksubi caters to celebrities and other social elites—including high-profile individuals in the United States and Hollywood in particular—with stores in New York and Los Angeles that market its "coveted" styles to those individuals.

10. On information and belief, defendant Ksubi is the owner and operator of the Instagram account @ksubi.

### *Personal Jurisdiction*

11. The Court has personal jurisdiction over defendant Ksubi under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Ksubi is not subject to jurisdiction in any state's courts of general jurisdiction but has minimum contacts with the United States such that exercising jurisdiction here would be consistent with the United States Constitution and laws.

### *Venue*

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), and/or (b)(3), as well as 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Copyrighted Photographs*

13. BackGrid is the owner and copyright holder of nine photographic images ("Photographs") as follows:

 a. Image 1 depicts The Weekend in a black jacket and pants going to dinner with model Bella Hadid;

 b. Images 2 through 5 depict Hailey Bieber in denim pants and a black shirt out in public;

 c. Image 6 depicts Ben Simmons with Kendall Jenner walking on the beach;

 d. Images 7 and 8 depict Olivia Culpo in denim pants and a white shirt in Miami;

 e. Image 9 depicts The Weekend in a denim jacket and black jeans in Sydney, Australia.

14. Image 1 was registered to BackGrid with the U.S. Copyright Office with Registration No. VA 2-164-922 (eff. Aug. 13, 2019) in compliance with the Copyright Act.

15. Images 2 through 5 were registered to BackGrid with the U.S. Copyright Office with Registration No. VA 2-149-325 (eff. Apr. 15, 2019) in compliance with the Copyright Act.

16. Image 6 was registered to BackGrid with the U.S. Copyright Office with Registration No. VA 2-127-085 (eff. Nov. 12, 2018) in compliance with the Copyright Act.

17. Images 7 and 8 were registered to BackGrid with the U.S. Copyright Office with Registration No. VA 2-125-120 (eff. Oct. 12, 2018) in compliance with the Copyright Act.

18. Image 9 was registered to BackGrid with the U.S. Copyright Office with Registration No. VA 2-086-186 (eff. Jan. 24, 2018) in compliance with the Copyright Act.

19. On information and belief, the Photographs were originally published under license to various media publications, and when published, they contained copyright management information ("CMI"). The copy of the Photograph distributed on Instagram had been altered, without authorization or approval, to remove the CMI showing plaintiff as the copyright owner of the images.

### *Defendant's Infringements*

20. BackGrid never licensed the Photographs to defendant. Nevertheless, defendants used the Photographs without authorization or permission from BackGrid to do so.

21. Specifically, Ksubi copied the Photographs then displayed them on Instagram via the @ksubi account on the following dates:

    a. Image 1 was posted to Instagram on June 11, 2019;

    b. Images 2 and 3 were posted to Instagram on January 23, 2019;

    c. Images 4 and 5 were posted to Instagram as a "story" on January 23, 2019;

    d. Image 6 was posted to Instagram on August 19, 2018;

    e. Images 7 and 8 were posted to Instagram on July 17, 2018;

    f. Image 9 was posted to Instagram as a "story" on September 25, 2018.

  22. On information and belief, the copies of the Photographs that Ksubi displayed on Instagram had been altered or "cropped" so that the CMI was removed and no longer visible.

  23. Ksubi has nearly 200,000 Instagram followers and its Instagram feed is open and viewable to the public.

  24. On information and belief, Ksubi's display of the Photographs on Instagram were for the purpose of promoting its products, which were featured being worn by celebrities in the Photographs.

### *Defendant's Infringements Harmed BackGrid*

  25. The Photographs are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the celebrity status of the people depicted in them, and the Photographs' quality and visual appeal, BackGrid stood to gain revenue from licensing the Photographs.

  26. But defendant's unauthorized use of the Photographs harms the existing and future market for the Photographs. Defendant's Instagram posts and story posts made the Photographs immediately available to their nearly 200,000 followers and others, including consumers of athletic apparel and celebrity news, who would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are plaintiff's customers.

  27. Defendant's unauthorized use of the Photographs also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available social media.

28. In addition, Defendant's unauthorized uses of the Photographs is commercial in nature. Ksubi uses its Instagram feed for the purposes of promotion and advertising—specifically, to promote its own business interests and products. Indeed, on information and belief, Ksubi specifically posted the Photographs on Instagram to advertise the Ksubi apparel worn by well-known celebrities. Accordingly, Ksubi stood to gain from posting the Photographs because the association with celebrities would elevate the Ksubi brand and consequently the products worn by them. In short, by associating their brand with well-known celebrities, Ksubi increased their brand visibility and status.

29. At the time that defendant copied and distributed the Photographs, defendant knew or should have known that they did not have authorization or permission to do so.

30. Defendant did not disclose their unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of the defendant's unauthorized uses, their infringements would still be concealed.

## CLAIM ONE
### (For Copyright Infringement)

31. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

32. BackGrid is the author and or/copyright owner of the protected Photographs named above in this Complaint.

33. Defendant has reproduced, displayed, distributed or otherwise copied the Photographs without BackGrid's authorization or license.

34. The foregoing acts of defendant infringed upon the exclusive rights granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

35. BackGrid has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

36. BackGrid suffered damages as a result of defendant's unauthorized use of the Photographs.

37. Having timely registered his copyright in the Photographs, BackGrid is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

38. BackGrid alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

39. In the alternative, BackGrid is entitled to recovery of its actual damages and Defendants' profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

40. Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

41. BackGrid is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement)

42. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

43. If defendant is not liable as direct infringers of the Photographs, it is secondarily liable for the infringements directly committed by individual employee, contractor, or other infringers presently unknown (the "Direct Infringers").

44.     Defendant contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendant's direction and control and/or using technology, facilities, and support services provided by defendant.

45.     Defendant had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photographs were published on defendant's Instagram account and defendant was, or should have been, aware of that fact. As the owner of the Instagram account, defendant knew or should have known that they did not have licenses to use Photographs.

46.     Defendant had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on its Instagram account.

47.     Defendant obtained some financial benefit from the infringement of BackGrid's rights in the Photographs because the Photographs were a draw for viewers regardless of the revenue received from any specific use and because the Photographs encouraged viewed to purchase defendant's products. Accordingly, defendant had an incentive to permit and even encourage infringement by the Direct Infringers.

48.     As a direct and proximate result of said acts of secondary infringement, BackGrid has suffered substantial damages in an amount to be proven at trial.

49.     BackGrid is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

50.     Within the time permitted by law, BackGrid will make his election between actual damages and profit disgorgement, or statutory damages.

51.     Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

52.

## CLAIM THREE

### (For Alteration of Copyright Management Information in Violation of 17 U.S.C. 1202)

53. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

54. On information and belief, defendant, or someone acting on their behalf, removed or altered copyright management information ("CMI") from the Photographs without authorization of plaintiff or the law and then distributed the Photographs, with the CMI removed or altered, without the authorization of plaintiff or the law.

55. On information and belief, defendant's removal or alteration of the CMI from the Photographs was intentional, and defendant's distribution of the Photographs was with knowledge that the CMI had been removed or altered without authorization.

56. Defendant's actions alleged above constitute a violation of 17 U.S.C. § 1202.

57. Plaintiff has suffered damages as a result of defendant's violation of 17 U.S.C. § 1202.

58. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, BackGrid requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

1  C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by the defendant without plaintiff's authorization—as well as all related records and documents.

D. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

E. For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees.

H. For court costs, expert witness fees, and all other amounts authorized under law.

I. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

BackGrid demands a trial by jury of all issues permitted by law.

Dated:  February 21, 2021    **PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
BACKGRID USA, INC.